# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BETHANNE PACKARD,<br><br>　　　　　Defendant. | Case No. 19CR3886-H<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE UNDER TITLE 18 U.S.C. § 3582(c)(1)(A)(i)<br><br>(Doc. Nos. 56 and 58.) |

Pending before the Court is Defendant Bethanne Packard's ("Defendant") motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. Nos. 56 and 58.) The Defendant seeks an order from the Court to reduce her imprisonment term to time served. (Id.) The Government has filed a response in opposition to the Defendant's motion (Doc. No. 60) and the Defendant has filed her reply to the Government's opposition (Doc. No. 61). The Court appointed counsel under General Order 692-B (S.D. Cal. Mar. 4, 2021) to represent the Defendant in this matter. (Doc. No. 55.)  For the reasons set forth below, the Court denies the Defendant's motion for compassionate release under § 3582(c)(1)(A)(i).

## Background

On March 22, 2021, the Defendant withdrew her guilty plea to Count One of the Information, which carried a minimum mandatory five-year imprisonment term, and entered a guilty plea for importation of cocaine in violation of Title 21 U.S.C. §§ 952

and 960, as charged in Count One of the Superseding Information. (Doc. No. 51.) The superseding charge did not carry a minimum mandatory sentence as the Government elected not to charge the drug amount in the Superseding Information. (See Doc. No. 50.) The Defendant executed a written plea agreement. (Doc. No. 47.) On the same date of her Rule 11 plea hearing, the parties requested immediate sentencing. The Court sentenced the Defendant to a custodial term of 45 months, the joint recommendation of the parties, followed by three years of supervised release. (Doc. Nos. 51 and 52.)

## Discussion

A district court is generally prohibited from modifying a sentence once it has been imposed, unless expressly permitted by law. United States v. Penna, 319 F.3d 509, 511 (9th Cir. 2003); United States v. Handa, 122 F.3d 690, 691 (9th Cir. 1997), as amended on reh'g (Aug. 4, 1997), cert. denied, 522 U.S. 1083, 118 S.Ct. 869, 139 L.Ed.2d 766 (1998) ("A district court does not have inherent power to resentence defendants at any time. Its authority to do so must flow either from the court of appeals mandate under 28 U.S.C. § 2106 (1982) or from Federal Rule of Criminal Procedure 35.") (citations omitted); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999) ("[D]istrict courts do not have 'inherent authority' to reconsider sentencing orders.") (citations omitted).

One exception to the district court's prohibition from modifying a sentence is the compassionate release provision of Title 18 U.S.C. § 3582(c)(1)(A). That provision provides:

> (c) Modification of an imposed term of imprisonment.--The court may not modify a term of imprisonment once it has been imposed except that--
>   (1) in any case--
>     (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of

imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[1]

For a court to have jurisdiction to hear a defendant's motion for compassionate release, a defendant must first meet the administrative exhaustion criteria set forth in § 3582(c)(1)(A). United States v. Keller, 2 F.4th 1278, 1282 (9th Cir. 2021) ("Joining the unanimous consensus of our sister circuits, we hold that § 3582(c)(1)(A)'s administrative exhaustion requirement imposes a mandatory claim-processing rule that must be enforced when properly invoked."). As the movant, the burden rests with the Defendant to provide proof that she has met the exhaustion criteria set for the in § 3582(c)(1)(A) and to establish that "extraordinary and compelling reasons exists" to warrant her release. See United States v. Holden, 452 F. Supp. 3d 964, 969 (D. Or.

---

[1] A prior version of § 3582(c)(1)(A) permitted a court to reduce a defendant's term of imprisonment only upon the motion of the Director of the Bureau of Prisons ("BOP.") The First Step Act of 2018, Pub. L. No. 115-391, § 603, modified § 3582(c)(1)(A) to allow a defendant to make a motion to the Court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." See Mohrbacher v. Ponce, No. CV 18-00513-DMG (GJS), 2019 WL 161727 (C.D. Cal. Jan. 10, 2019) (Gee, J.) (Discussing modifications made to § 3582(c)(1)(A) by the First Step Act; See also United States v. Curry, No. CR 6:06-082-DCR, 2019 WL 508067 (E.D. Ky. Feb. 8, 2019) (Reeves, J.) (same.)

2020) (Brown, J.) ("A defendant seeking a reduction in his terms of imprisonment bears the burden to establish both that he has satisfied the procedural prerequisites for judicial review and that compelling and extraordinary reasons exist to justify compassionate release."); See also United States v. Osorio-Arellanes, No. CR-11-00150-001-TUC-DCB (BGM), 2021 WL 673292, at *2 (D. Ariz. Feb. 22, 2021) (Bury, J.) ("Defendant bears the burden of proving he meets all elements of eligibility for a sentence reduction.").

In this matter, the Defendant filed a copy of her request to the Warden seeking compassionate release dated June 8, 2021. (Doc. No. 58 at App:1) Given that a period of 30 days has elapsed from the date of the request, the Court is satisfied that it has jurisdiction to consider the Defendant's motion for compassionate release under § 3582(c)(1)(A). See United States v. Walters, No. 2:12-CR-00375-TLN-AC, 2021 WL 3565327, at *1 (E.D. Cal. Aug. 12, 2021) (Nunley, J.) ("Because more than 30 days have elapsed since Defendant's request, Defendant has met the exhaustion requirement [under § 3582(c)(1)(A)].").

Under § 3582(c)(1)(A)(i), a court may reduce a defendant's term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." In determining what constitutes "extraordinary and compelling reasons," the Ninth Circuit has held that under the current version of U.S.S.G. § 1B1.13[2] "[t]he Sentencing

---

[2] U.S.S.G. § 1B1.13 cmt. n.1(A) and (B) (Nov. 1, 2018) provides:
    1. Extraordinary and Compelling Reasons.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
        (A) Medical Condition of the Defendant.--
            (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
            (ii) The defendant is--
                (I) suffering from a serious physical or medical condition,

Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." United States v. Aruda, 993 F.3d 797, 802 (9th Cir. 2021).[3] Therefore, in the absence of binding applicable policy statements, "district courts are 'empowered ... to consider any extraordinary and compelling reason for release that a defendant might raise.'" United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020) (citing United States v. Zullo, 976 F.3d 228, 230 (2d Cir. 2020)). Nevertheless, "[i]n exercising its discretion, this Court looks to the [non-binding] policy statement[s] for helpful guidance." United States v. Miller, No. 15-CR-00471-CRB-1, 2021 WL 2711728, at *2 (N.D. Cal. July 1, 2021) (Breyer, J.).

As an initial matter, the Court notes that although the impact of the current pandemic on the detention facilities is of course concerning to the Court, "the mere

---

> (II) suffering from a serious functional or cognitive impairment, or
> (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
> (C) Family Circumstances.--
>    (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
> (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

[3] Prior to Aruda, district courts were split on the issue of whether or not the policy statements contained in the current version of U.S.S.G. § 1B1.13 were binding when considering motions filed by a defendant under § 3582(c)(1)(A). The Ninth Circuit has now resolved that split within our circuit.

existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020). Moreover, in light of the recent availability and efficacy of COVID-19 vaccines, the Court is less incline to grant compassionate release based on circumstances related to the pandemic. See United States v. Tsingine, No. CR-09-08132-001-PCT-GMS, 2021 WL 3419056, at *2 (D. Ariz. Aug. 5, 2021) (Snow, C.J.) ("In light of the efficacy of COVID-19 vaccines, courts consistently refuse to find that COVID-19 presents an extraordinary or compelling reason for relief."). The Court is well aware of the Defendant's medical conditions but "[c]hronic conditions that can be managed in prison are not a sufficient basis for compassionate release." United States v. Weidenhamer, No. CR-16-01072-001-PHX-ROS, 2019 WL 6050264, at *5 (D. Ariz. Nov. 8, 2019) (Silver, J.) Nevertheless, the existence of the pandemic and the Defendant's medical conditions are among numerous factors the Court may consider in determining what constitutes "extraordinary and compelling reasons."

      The Defendant argues that a combination of the following factors, which include certain Title 18 U.S.C. § 3553(a) factors and are detailed in the Defendant's pleadings, rise to the level of "extraordinary and compelling reasons" to justify compassionate release: the conditions of the Defendant's confinement during the pandemic; the Defendant's medical needs, including being an amputee and requiring medication to alleviate the nerve pain; the Defendant's mental health; the Defendant's disability needs; the allegations that the facility is not providing adequate care for any of the Defendant's aforementioned needs; the allegations that the Defendant was strip searched by male prison guards and the trauma following the incident; and the Defendant's personal history and characteristics, including the support of her family. Under Aruda, the Court is permitted to consider any and all factors raised by the Defendant is support of her request for compassionate release.

The Court first addresses the allegations that the Defendant was strip searched by male prison guards and that the prison facility is not providing adequate care for the Defendant's medical, mental, and disability needs. Although the allegations raised by the Defendant are serious, § 3582(c)(1)(A)(i) is not the proper vehicle to seek remedies for these alleged constitutional violations. See United States v. Numann, No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (Burgess, J.) (An Eighth Amendment claim "relating to the manner and conditions of confinement—are not properly brought in a motion for compassionate release [under § 3582(c)(1)(A)] and this Court does not have jurisdiction to consider them."); See also United States v. Pooler, No. 3:18-CR-00137, 2020 WL 7046964, at *7 (S.D. Ohio Dec. 1, 2020) (Rose, J.) ("[A] compassionate release motion likewise is not the appropriate mechanism or vehicle to raise such a claim of alleged constitutional violations."). As Judge Charles Breyer explained, "[p]risoners routinely bring constitutional claims based on inadequate medical care" and "[t]he ordinary remedy for ongoing, constitutionally inadequate care is an order that does 'not allow [such] constitutional violations to continue,' even if that order involves an 'intrusion into the realm of prison administration.'" Miller 2021 WL 2711728, at *4 (citing Brown v. Plata, 563 U.S. 493, 511 (2011)).

The Defendant also concedes that, in light of the conflicting accounts of the incident regarding the alleged strip search by male prison guards, the "matter [is] better examined in the civil context." (Doc. No. 56 at 16.); See also United States v. White, No. 19-CR-00341-GPC, 2021 WL 3493220, at *4 (S.D. Cal. Aug. 9, 2021) (Curiel, J.) ("Should [the defendant] believe the Bureau of Prisons is violating her right to adequate medical care, she is able to pursue a civil suit after exhausting appropriate administrative remedies."); United States v. Rollness, No. CR06-041RSL, 2021 WL 4476920, at *6 n.6 (W.D. Wash. Sept. 30, 2021) (Lasnik, J.) ("Any Eighth Amendment arguments defendant may have regarding the conditions of confinement may be properly brought in a habeas petition or a direct civil claim, not a motion for compassionate release.") Nevertheless, the Court will take the allegations into

consideration in determining whether compassionate release is warranted.

The Court next considers the underlying criminal conduct, the Defendant's criminal history and the rest of the § 3553(a) factors[4] in determining whether compassionate release is warranted in this case. The Defendant committed a serious offense by importing 1.06 kilograms (2.34 pounds) of cocaine. But for the Government offering a non-minimum mandatory charge bargain in this case, the Defendant would have been subjected to a minimum mandatory sentence of five years of imprisonment. While the Court is certainly sympathetic to the fact the Defendant is an amputee and uses a prosthetic leg, the Court notes that the Defendant was able and willing to smuggle drugs even with her physical disability. See United States v. Long, No. CR 10-171-1 (JDB), 2021 WL 3792949, at *2 (D.D.C. Aug. 26, 2021) (Bates, J.) (Denying a compassionate release motion for a defendant who "suffers from several medical conditions and is wheelchair-bound as a double-amputee" and noting that the "health issues cannot seriously weigh in his favor… because he was already confined to a wheelchair in 2007 [and] was nonetheless able to [commit the underlying crime.]") (internal quotation marks omitted). Additionally, as Justice Anthony Kennedy noted, "[p]ossession, use, and distribution of illegal drugs represent 'one of the greatest problems affecting the health and welfare of our population.'" Harmelin v. Michigan, 501 U.S. 957, 1002, 111 S. Ct. 2680, 2705, 115 L. Ed. 2d 836 (1991) (Kennedy, J., concurring) (quoting Treasury Employees v. Von Raab, 489 U.S. 656, 668, 109 S.Ct. 1384, 1392, 103 L.Ed.2d 685 (1989)). Accordingly, the seriousness of the offense

---

[4] The 18 U.S.C. § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established in the Sentencing Guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims.

weighs heavily against compassionate release, and the Court concludes that granting early release now would stray from the § 3553(a) factors and would not reflect the seriousness of the underlying offense. See United States v. Bongiorni, No. CR16-109RSL, 2021 WL 2413348, at *5 (W.D. Wash. June 14, 2021) (Lasnik, J.) ("The need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, and afford adequate deterrence disfavor granting compassionate release here."); See also United States v. Jefferson, No. 2:17-CR-00130-MCE, 2021 WL 4033248, at *3 (E.D. Cal. Sept. 3, 2021) (England, J.) ("[R]equiring Defendant to serve his full sentence is necessary to 'reflect the seriousness of his offense, promote respect for the law, [and] protect the public from further crimes of the [D]efendant.'"); United States v. Morrow, No. 8:15-CR-00099-JLS, 2021 WL 3080625, at *6 (C.D. Cal. July 21, 2021) (Staton, J.) ("[R]educing Defendant's sentence would not 'reflect the seriousness of the offense, ... promote respect for the law, and ... provide just punishment for the offense.'"); United States v. Williams, No. 13-CR-00764-WHO-1, 2021 WL 2936728, at *3 (N.D. Cal. July 13, 2021) (Orrick, J.) ("The seriousness of the offenses militates heavily against compassionate release.").

The Defendant has a long criminal history that scores as a criminal history category VI under the Sentencing Guidelines. (See PSR, Doc. No. 24 at 12.) While the Court understands that many of her convictions arise from her struggle with drug addiction and mental illness, the Court is nonetheless concern over the violent nature of some of her criminal convictions which include willful cruelty to a child and assault with a deadly weapon. This factor weighs heavily against granting compassionate release. See e.g., United States v. Kalac, No. 2:13-CR-00224-RAJ, 2021 WL 1758766, at *4 (W.D. Wash. May 4, 2021) (Jones, J.) (Noting that a defendant's "current medical and physical condition, and his extensive criminal history… causes this Court to conclude that early release is not appropriate[.]"); United States v. Acosta, No. CR-03-00075-PHX-RCC, 2021 WL 1790773, at *4 (D. Ariz. May 5, 2021) (Collins, J.) (Denying a defendant's compassionate release motion and noting that "[w]hile [the

Defendant] has shown rehabilitation while incarcerated, this does not negate his long criminal history.").

Balancing these factors along with the factors raised by the Defendant in the context of a § 3582(c)(1)(A)(i) motion, the Court concludes that the aggravating facts of the underlying criminal conduct and the defendant's criminal history outweigh the factors in favor of compassionate release. See e.g., United States v. Mendoza, No. CR13-0238-JCC, 2021 WL 2856673, at *3 (W.D. Wash. July 8, 2021) (Coughenour, J.) ("On balance, the Court finds the § 3553(a) factors weigh against reducing [defendant's] sentence."); United States v. Fields, No. CR-18-00136-003-PHX-SMB, 2021 WL 2780873, at *4 (D. Ariz. July 2, 2021) (Brnovich, J.) ("[T]he Court finds that the 18 U.S.C. § 3553(a) factors also weigh against compassionate release."); United States v. Gibson, No. CR 16-00746 JMS (06), 2021 WL 328913, at *5 (D. Haw. Feb. 1, 2021) (Seabright, C.J.) ("[A] consideration of the § 3553(a) factors weighs heavily against granting [compassionate release]."); United States v. Lewis, No. CR-18-00927-PHX-DGC-1, 2021 WL 847991, at *4 (D. Ariz. Mar. 5, 2021) (Campbell, J.) ("The Court finds that the § 3553(a) factors outweigh the extraordinary and compelling reasons allowing for compassionate release.").

In light of the seriousness of the underlying offense, the need to promote respect for the law, to provide just punishment, to afford adequate deterrence to criminal conduct, and after taking into consideration all of the Defendant's equities, the Court sentenced the Defendant to a custodial term of 45 months, the joint recommendation of the parties. The Sentencing Guideline range for the offense was 63 to 78 months and the ultimate sentence was 18 months less than the low-end of Sentencing Guideline range. Granting early release now would create unwarranted sentencing disparities. See United States v. Shelden, No. 2:18-cr-00237-JAD-PAL, 2021 WL 3288597, at *2 (D. Nev. July 30, 2021) (Dorsey, J.) ("[G]ranting early release would amount to a several-level downward variance, creating an unwarranted sentencing disparity."); See also United States v. Hernandez, No. CR14-5105 BHS, 2021 WL 1313173, at *4 (W.D.

Wash. Apr. 8, 2021) (Settle, J.) ("[Compassionate] [r]elease now would also result in an unwarranted sentencing disparity.").

Finally, in concluding that compassionate release is not warranted in this case, the Court does not mean to diminish the allegations raised by the Defendant. Rather, the Court notes that the Defendant may seek remedies for the alleged constitutional violations by bringing a civil action. See e.g., Jordan v. Gardner, 986 F.2d 1521, 1523 (9th Cir. 1993) (en banc) (Affirming the district court's order in a civil case enjoining the prison from implementing a policy that requires male guards to conduct random, non-emergency, suspicionless clothed body searches on female prisoners). The allegations and the other factors raised by the Defendant, when weighed with the § 3553(a) factors, do not rise to the level of being "extraordinary and compelling reasons" to grant compassionate release under § 3582(c)(1)(A)(i).

## Conclusion

After taking into consideration the pandemic, the factors raised by the Defendant, the underlying criminal conduct, the Defendant's criminal history, and after consulting the § 3553(a) factors, the Court concludes that there are no "extraordinary and compelling reasons" to justify compassionate release in this case. Even if the factors raised by the Defendant constituted "extraordinary and compelling reasons" to justify compassionate release, the Court concludes that granting early release would not reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, and afford adequate deterrence to criminal conduct as set forth under § 3553(a). Accordingly, after considering the Defendant's motion and applying the relevant law and legal standards, including the persuasive opinions of other sister courts, and based on the current record, the Court DENIES the Defendant's motion for compassionate release under Title 18 U.S.C. § 3582(c)(1)(A)(i).

IT IS SO ORDERED.

DATED: October 12, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE